# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41039
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO GARCIA-MORALES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-230

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Pedro Garcia-Morales (Morales) appeals his conviction for possessing 15 or more unauthorized access devices with intent to defraud pursuant to 18 U.S.C. § 1029(a)(3) and his within-Guidelines sentence of 97 months of imprisonment. Although Morales challenges the sufficiency of the evidence adduced at trial to support his conviction, he fails to show that, when the evidence and all credibility determinations are viewed in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41039

the light most favorable to the verdict, a rational jury could not have found that the evidence established the elements of the offense beyond a reasonable doubt. *See United States v. Winkler*, 639 F.3d 692, 696 (5th Cir. 2011).

Even were we to assume *arguendo* that the district court abused its discretion when it admitted hearsay testimony from witness Gloria Borego, any such error would be harmless in light of the overwhelming trial evidence of Morales's guilt. *See United States v. Hawley*, 516 F.3d 264, 268 (5th Cir. 2008); *United States v. Williams*, 957 F.2d 1238, 1242 (5th Cir. 1992). Although Morales asserts that his rights were violated when the district court refused to unseal particular trial transcripts, a panel of this court has already considered Morales's arguments and denied him the relief he requests, and Morales offers no reason for us to revisit that decision.

Finally, because he did not preserve it in the district court, we review Morales's contention that the district court imposed a substantively unreasonable sentence for plain error only. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Morales acknowledges that *Peltier* is the binding law of this circuit, but he does not attempt to show plain error, merely seeking to preserve his argument that the district court abused its discretion. As he does not claim that the district court plainly erred, he has abandoned any such argument. *See United States v. Reyes*, 300 F.3d 555, 558 n.2 (5th Cir. 2002).

AFFIRMED.